# EXHIBIT A



CT Corporation
Service of Process Notification
08/28/2023
CT Log Number 544598994

## Service of Process Transmittal Summary

**TO:** Jeff Woodward
Chattanooga-Hamilton County Hospital Authority
975 E 3rd St
Chattanooga, TN 37403-2147

**RE:** Process Served in Tennessee

**FOR:** CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY (Domestic State: TN)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: THERESA WESTBROOK // To: CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY |
| **CASE #:** | 230439 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | National Registered Agents, Inc., Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 08/28/2023 |
| **JURISDICTION SERVED:** | Tennessee |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780117755915 |
| **REGISTERED AGENT CONTACT:** | National Registered Agents, Inc.<br>300 Montvue RD<br>Knoxville, TN 37919<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

BURNETTE, DOBSON & PINCHAK
ATTORNEYS AT LAW
711 CHERRY STREET
CHATTANOOGA, TENNESSEE 37402

CERTIFIED MAIL

7018 0360 0000 8255 9486

PITNEY BOWES
$8.539
US POSTAGE FIRST-CLASS
02M00489745H
200237632
ZIP 37402
AUG 24 2023

Chattanooga Hamilton Co.
Hospital Authority

c/o National Registered Agents
300 Montvue Rd.
Knoxville, TN 37919-5546

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

THERESA WESTBROOK

**PLAINTIFF**

VS.

DOCKET NO. 23-0439

CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY d/b/a ERLANGER HEALTH SYSTEM and ERLANGER HEALTH

**DEFENDANT**

## ALIAS SUMMONS

TO DEFENDANT: CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, c/o Registered Agent NATIONAL REGISTERED AGENTS, INC.

WHOSE ADDRESS IS 300 Montvue Road, Knoxville, TN 37919-5546

OTHER SERVICE INFORMATION Plaintiff will serve via certified mail.

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 24 day of August, 2023.

ROBIN L. MILLER, CLERK & MASTER

By: _____
DEPUTY CLERK & MASTER

Frank P. Pinchak                    002094
Plaintiffs' Attorney                BPR#
or Plaintiff if no attorney (*pro se*)

BURNETTE, DOBSON & PINCHAK
Address

711 Cherry Street

Chattanooga, TN 37402

(423) 266-2121           (423) 266-3324
Tel. N0.                  Fax N0.

A TRUE COPY
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee
This 24 day of August, 2023
By: _____ DC&M

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I
          (Date)                       (Date)

❏ served this summons and a complaint on defendant, _____
                             (Printed Name of Defendant)

in the following manner:

_____

_____

❏ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____  _____
Process Server Name (Printed)      Process Server Signature

_____
Address

_____

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| THERESA WESTBROOK, | * |
| Plaintiff | * |
| | * NO. 23-0439 |
| v. | * |
| | * |
| CHATTANOOGA HAMILTON | * PART _____ |
| COUNTY HOSPITAL AUTHORITY | * |
| d/b/a ERLANGER HEALTH SYSTEM and | * |
| ERLANGER HEALTH, | * JURY DEMAND |
| | * |
| Defendants | * |

## COMPLAINT

Comes Plaintiff, by and through her attorneys, and sues the Defendants for legal and equitable relief, including back pay and related benefits, as well as humiliation and embarrassment, in the amount of $750,000, together with all other relief allowed by law. In support of these claims, Plaintiff will show as follows:

I. JURISDICTION

1. The jurisdiction of this Court is invoked by Plaintiff pursuant to 42 U.S.C. §12101, *et seq.* to secure protection and redress for the deprivation of rights guaranteed by the Americans with Disabilities Act, as amended, (the "ADA"), 29 U.S.C. §2617 of the Family and Medical Leave Act (FMLA); retaliation for asserting her rights under the above statutes, and violation of the public policy of the State of Tennessee.

II. NATURE OF PROCEEDING

2. This is a proceeding for back pay and benefits due Plaintiff; for injunctive relief requiring Defendant's re-employment of Plaintiff at her former position or front pay in lieu of reinstatement; for compensatory damages; punitive damages; liquidated damages; costs; prejudgment

Page 1 of 7

interest and attorney fees; and for such additional relief as may be necessary to effectuate the purposes of the ADA and the Family and Medical Leave Act.

III. THE PARTIES

3. Plaintiff Theresa Westbrook has resided and worked in Hamilton County, Tennessee, at all times material.

4. Defendant Chattanooga-Hamilton County Hospital Authority was established as a municipal government under the laws of the State of Tennessee, with its purpose being to operate Erlanger Hospital as a public hospital in Chattanooga, In 2022, it purportedly converted to being a religious organization. Its duties in connection with the operation of the public hospital are being assumed by a new not-for-profit organization chartered by the State of Tennessee as Defendant, Erlanger Health. This Defendant, Erlanger Health, is responsible for the employment law violations of Chattanooga-Hamilton County Hospital Authority by virtue of either its status as a successor employer or its status as the alter ego of Chattanooga-Hamilton County Hospital Authority. To the extent that it continues the discriminatory and retaliatory actions of its predecessor, it is also liable for the violations described herein. This Defendant is operating the same hospital business at the same location, and with essentially the same officers and employees, for the purpose of carrying on the mission of Chattanooga-Hamilton County Hospital Authority. Where the context indicates, the use of the term "Defendant" herein refers to both entities.

5. Plaintiff is employed at the Chattanooga, Tennessee, location, and the matters giving rise to this complaint occurred in Chattanooga, Hamilton County, Tennessee.

6. This Honorable Court has jurisdiction over the parties and the subject matter of this lawsuit pursuant to the ADA and FMLA.

## IV. FACTUAL BASIS

7. Plaintiff was employed by Defendant in 2006. Plaintiff is a Surgical Technician with Defendant at the Chattanooga location of the hospital

8. Plaintiff has been employed by Defendant Chattanooga-Hamilton County Hospital Authority as a Cardiovascular Surgical Tech in Erlanger's four cardiovascular rooms until that Defendant removed her from this location in summer of 2022.

9. In addition to their regular work hours, Cardiovascular Surgical Techs are on call 24 hours a day, seven days a week, for cardiovascular surgical procedures. Plaintiff was included in the Cardiovascular on-call group and was compensated for her extra availability and after-hours surgical work.

10. Plaintiff has developed a disability, the nature of which is known to Defendant, which limits her ability to work in areas such as the Cath Lab where lead coats are required. Her disability prevented her from wearing the lead coat.

11. Due to her disability, Plaintiff requested reasonable accommodation not to work in the one room in her area which required the use of lead coats.

12. Defendant granted reasonable accommodation for Plaintiff's disability by placing her in the Cardiovascular Surgical area rooms that did not require Plaintiff to wear a lead coat. Defendant had four cardiovascular surgical rooms and only one required the surgical techs to wear lead coats. Therefore, Plaintiff could work in three of the four cardiovascular surgical rooms that did not require lead coats and could work in the fourth room when the lead coats were not required. This was a reasonable accommodation to which Plaintiff was entitled to under the ADA.

13. The cardiovascular surgery area had seven techs to cover the four rooms. Therefore, accommodating Plaintiff's disability did not cause an undue hardship for Defendant.

14. In addition to granting Plaintiff accommodation, Plaintiff was granted intermittent Family and Medical Leave, as her disability sometime prevented her from working.

15. In spring 2022, Plaintiff reported several safety related issues to Erlanger Hospital's Compliance and Human Resources Departments, both of which were then government agencies. She reported instances in which licensed medical doctors permitted unlicensed staff to perform very important parts of surgical procedures. These actions were taken without the informed consent of the patients and thus constituted battery in violation of state law. These actions also violated various state and federal laws prohibiting unlicensed and uncertified personnel from performing surgical procedures. Plaintiff made these reports to prevent violations of Federal or State law and to protect the patients within the _____

16. Plaintiff had a constitutionally protected right afforded by both the Tennessee and United States Constitutions to report these actions to a government agency. Likewise, the public policy of the State of Tennessee favors strongly the actions of a citizen taken to protect the safety and well-being of others.

17. When the doctor learned of Plaintiff's report, he became very angry and told her that she "had better start going along with the group or else."

18. The head nurse, in Plaintiff's department, also reported the violation by the same doctors. She was terminated for making her report.

19. Shortly after the head nurse was terminated, Adam Royer, Senior Director of Surgical Services, was assigned to her position.

20. After speaking with the physician whom Plaintiff had reported for unlawful and dangerous conduct, Royer learned of the reasonable accommodation and intermittent FMLA leave that Erlanger had granted Plaintiff. Without engaging in the interactive process required by

FMLA, he summarily revoked them and transferred Plaintiff to another area. The transfer has a significant impact upon Plaintiff's earnings, because a portion of her pay was eliminated and also resulted in a considerable, indeed substantial, reduction in overtime pay.

21. Despite Plaintiff's appeals to return to cardiovascular surgery, she was denied that opportunity.

22. Defendant has advertised many times for surgical technicians in the Cardiovascular OR department, and Plaintiff has applied for her former position and talked to Human Resources several times about putting her back in Cardiovascular OR. Each time, Defendant has refused to reinstate Plaintiff.

23. Defendant's refusal to place Plaintiff back in the Cardiovascular OR full-time with the overtime pay is because of her disability and in retaliation for filing discrimination charges with the Equal Employment Opportunity Commission. Defendant also effectively retaliations against her for reporting the physicians unsafe and unlawful actions.

24. Plaintiff's transfer from Cardiovascular Surgery and refusal to reinstate Plaintiff to her prior position is discriminatory, in violation of the ADA and in retaliation for filing charges of discrimination.

25. Plaintiff was also retaliated against for use of the Family and Medical Leave Act.

V. CLAIMS

26. Defendant was aware of Plaintiff's disability.

27. Defendant discriminated against Plaintiff on the basis of her disability in the terms and conditions of her employment in violation of the Americans with Disabilities Act and the Family and Medical Leave Act.

28. Defendant retaliated against Plaintiff by removing her from and refusing to place her back in the Cardiovascular Surgery area with the overtime pay and on-call pay afforded to other Surgical Techs in violation of the Americans with Disabilities Act and the Family and Medical Leave Act.

29. In transfer of Plaintiff to a less lucrative position, Defendant violates the public policy of the State of Tennessee.

30. Defendant is responsible for the acts of its supervisory employees.

## VI. JURISDICTIONAL PREREQUISITE

31. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff was granted a Right-to-Sue letter from the EEOC.

## VII. DAMAGES

32. Plaintiff has suffered because of Defendant's wrongful acts in refusing to accommodate her disability and Defendant's transferring Plaintiff to a different area with less pay opportunities.

33. Plaintiff lost and will continue to lose salary including on-call and overtime pay, and various employee benefits, which she would have earned had she been allowed to continue in her position with Defendant.

34. Plaintiff has suffered great mental anguish resulting from the embarrassment and humiliation that she experienced because of Defendant's actions.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That service be issued and properly served upon Defendant and Defendant be required to answer within the time prescribed by law;

b. That upon the hearing of this cause, Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which she has lost from the date of Defendant's discriminatory action;

c. That the Court issue an injunction requiring Defendant to re-employ Plaintiff at her former position with all employment rights and benefits to which she would have been entitled, and without harassment or illegal conditions imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement to her former position;

d. That Plaintiff be awarded additional compensatory damages for humiliation and embarrassment and emotional distress, pursuant to 42 U.S.C. §12101, *et seq.*;

e. That Plaintiff be awarded damages including liquidated damages for violation of the Family and Medical Leave Act, 29 U.S.C. §2617, *et. seq.*;

f. That Plaintiff be awarded attorney fees and such other and further relief as the Court deems proper pursuant to 42 U.S.C. §12101, *et seq.* and 29 U.S.C. §2617 *et seq*,; and

g. Plaintiff demands a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

BY: _s/ Frank P. Pinchak_
Frank P. Pinchak, BPR #002094
Harry F. Burnette, BPR #004803
*Attorneys for Plaintiff*
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
fpinchak@bdplawfirm.com
hburnette@bdplawfirm.com

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Theresa Westbrook<br>7424 Gates Rd<br>Hixson, TN 37343 | From: | Nashville Area Office<br>220 Athens Way, Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

| EEOC Charge No.<br>494-2023-00519 | EEOC Representative<br>DAWN SMITH,<br>Investigator | Telephone No.<br>629-236-2248 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- More than 180 days have passed since the filing of this charge.
- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred *more than 2 years (3 years)* before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:
Edmond Sims
06/26/2023

Enclosures(s)

**Edmond Sims**
Acting District Director

CC: Alison Shaw
Erlanger Health
975 E 3rd St.
Chattanooga, TN 37403

Harry F Burnette
Burnette, Dobson & Pinchak
Courtway Center
711 Cherry Street
Chattanooga, TN 37402

Tammie Dickson
Burnette, Dobson & Pinchak
tdickson@bdplawfirm.com